# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUFUS BLAINE FREEMONT,<br><br>        Petitioner,<br><br>vs.<br><br>SCOTT R. FRAKES,<br><br>        Respondent. | 8:18CV200<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Petitioner Rufus Blaine Freemont's "Designation of State Court Records in Support of Answer" (filing no. 16), which the court construes as a motion to expand the record and for additional state court records, and Motion for Extension of Time (filing no. 17).

## I. MOTION TO EXPAND AND FOR STATE COURT RECORDS

In his motion, Petitioner requests that "the whole discovery from CR# 10-9076607 Doc. 184 #427" be included in the record and that he be provided with copies of all four volumes of the trial court's bill of exceptions ("BOE"), (*see* filing nos. 11-6 through 11-9), which were "not sent in respondent[']s Designation of State Court Records [and] which [are] need[ed] in this case." (Filing No. 16.)

**A. Background**

A brief recitation of the background of this case is helpful. Petitioner was convicted by a jury of second degree murder, use of a deadly weapon, and possession of a deadly weapon by a prohibited person and sentenced to 80 to 90 years' imprisonment. (Filing No. 1 at CM/ECF p. 1.) The state district court's judgment was affirmed on direct appeal, with the claims raised being that the trial court erred in (1) allowing the state to introduce evidence that he possessed a gun

prior to the murder; (2) allowing the state to introduce evidence of his "consciousness of guilt"; (3) allowing Dan Bredow to testify after the state allegedly failed to comply with Neb. Rev. Stat. § 29-1912, the discovery statute; (4) allowing use of autopsy photos; (5) failing to give his eyewitness identification instruction and in giving a step instruction; and (6) finding sufficient evidence to support the verdicts, and (7) a number of ineffective assistance of counsel claims. (Filing No. 11-2 at CM/ECF p. 8.)

Following his direct appeal, Petitioner filed a motion for postconviction relief, which alleged the ineffective assistance of counsel claims that Petitioner had made on direct appeal with respect to trial counsel and added a claim that both trial and appellate counsel were ineffective for not arguing for a sudden quarrel instruction such that Petitioner might have been convicted of manslaughter. (Filing No. 11-11 at CM/ECF pp. 33–35.) The motion was dismissed by the state district court without an evidentiary hearing, and Petitioner attempted to appeal the lower court's judgment to the Nebraska appellate courts. However, the appeal was dismissed by the Nebraska Court of Appeals on February 23, 2018, because the poverty affidavit was not timely filed. (Filing No. 11-10 at CM/ECF p. 2.) This habeas petition followed.

On October 12, 2018, Respondent filed the Designation of State Court Records in Support of his Answer. (Filing No. 11.) Respondent attached to the Designation all relevant state court records for this case, which included the state district court records that had been filed in the state appellate courts—the transcripts of filings and the bill of exceptions for Petitioner's pretrial, trial, sentencing, and postconviction proceedings. (*See* Filing Nos. 11-3, 11-6 through 11-9, and 11-11.) Respondent avers that he is unaware of any relevant transcripts for Petitioner's state district court pretrial, trial, and sentencing proceedings other than those filed with the Designation of State Court Records in Support of Answer. (*See* Filing No. 14 at CM/ECF p. 3, Answer at ¶ 12.) Also attached to the Designation were the docket sheets of the state appellate courts for Petitioner's

direct appeal and postconviction appeal, as well as the briefs filed by Petitioner and the State in those appeals. (*See* Filing Nos. 11-1, 11-4, 11-5, and 11-10.)

Petitioner filed the present motion to expand the record and for additional state court records on November 20, 2018. (Filing No. 16.) Petitioner previously sought to expand the record to include the discovery from his state criminal case, and this court denied his request as premature since Respondent had not yet filed an answer and brief. (*See* Filing Nos. 12 and 13.)

**B. Discussion**

*1. Request for Discovery from State Criminal Case*

Petitioner's request to include the discovery from his state criminal case in the record is governed by Rule 7 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Rule 7 permits the court to direct the parties to expand the record by submitting additional materials relating to the petition. However, this power is permissive and granted or denied at the court's discretion.

"When a petitioner seeks to introduce evidence pursuant to [Rule 7], the conditions prescribed by § 2254(e)(2) must still be met." *Mark v. Ault*, 498 F.3d 775, 788 (8th Cir. 2007) (citing *Holland v. Jackson*, 542 U.S. 649, 652-53 (2004)). Under 28 U.S.C. § 2254(e)(2) "[a] habeas petitioner must develop the factual basis of his claim in the state court proceedings rather than in a federal evidentiary hearing unless he shows that his claim relies upon a new, retroactive law, or due diligence could not have previously discovered the facts." *Cox v. Burger*, 398 F.3d 1025, 1030 (8th Cir. 2005). A petitioner must also show that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). "Federal courts may conduct evidentiary hearings and supplement the state record only in extraordinary circumstances because of the obligation to defer to state courts' factual

determinations." *Hall v. Luebbers*, 296 F.3d 685, 700 (8th Cir. 2002) (citing 28 U.S.C. § 2254(e)(1) and (e)(2)). A federal habeas court is "not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Williams v. Taylor*, 529 U.S. 420, 437 (2000).

Petitioner seeks to supplement the record with "the whole discovery from CR# 10-9076607 Doc. 184 #427 to show Detective Dan Martin never disclosed his police report of Samantha Vawter and prosecution never included said report in discovery." (Filing No. 16.) Petitioner alleges the discovery "helps support cognizable claims." (*Id*.) However, Petitioner's motion seeking to expand the record with documents outside of the state court proceedings fails to address the requirements of 28 U.S.C. § 2254. In his answer and supporting brief, Respondent asserts that Petitioner's habeas claims are either without substantive merit or have been procedurally defaulted. (Filing No. 14 at CM/ECF pp.3–5, Answer at ¶¶ 13–21; Filing No. 15 at CM/ECF pp. 11–17.) The U.S. Supreme Court has held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Thus, the record cannot be expanded in this case to address Petitioner's claims that were rejected on the merits by the state appellate courts absent the necessary showing under 28 U.S.C. § 2254(e). Regarding the remaining habeas claims which are alleged to be procedurally defaulted, the court does not address the merits of a procedurally defaulted claim unless a petitioner can overcome the default. Because Petitioner has yet to respond to Respondent's brief in this case, Petitioner has not overcome any such default, nor does he argue that any of the documents requested are relevant to any showing of cause or prejudice to overcome any default. Accordingly, he has not established he is entitled to expand the record and his request to expand the record to include the discovery from his state criminal case is denied.

### 2. *Request for Bill of Exceptions*

As the court reads his motion, Petitioner also expresses a need for and requests copies of all four volumes of the bill of exceptions for Petitioner's pretrial, trial, and sentencing proceedings. (*See* Filing Nos. 11-6 through 11-9.) As outlined in the court's August 29, 2018 Progression Order, "[i]n the event that . . . Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims." (Filing No. 4 at CM/ECF p. 5.) Pursuant to 28 U.S.C. § 2250,

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

Here, Petitioner is not proceeding in forma pauperis. (*See* Filing No. 9.) Even if he was, Petitioner would still be required to show a need for the transcript and the transcript's relevance to his habeas claims. *See Chavez v. Sigler*, 438 F.2d 890, 894 (8th Cir. 1971) (requiring habeas petitioner to "show a reasonably compelling need for the specific documentary evidence which he requests"); *Cassidy v. United States*, 304 F. Supp. 864, 867–68 (E.D. Mo. 1969), *aff'd*, 428 F.2d 585 (8th Cir. 1970) ("The matter of granting a motion to produce copies of documents under section 2250, and if granted, what copies are to be furnished, is within the discretion of the court. Congress did not intend that documents should be furnished without a showing of need."); *see also Claitt v. Zimmerman*, No. CIV.A. 86-4929, 1986 WL 11065, at *1 (E.D. Pa. Oct. 1, 1986) ("The touchstone of an indigent's motion for a transcript are need and relevance.") (citing *United States ex rel. Williams v. State of Delaware, et al.*, 427 F.Supp. 72, 76 (D.Del. 1976)). In addition, the Eighth Circuit Court of Appeals has remarked:

> Regardless of the general standard to be followed in determining under what conditions an indigent is entitled to a free trial transcript for purposes of bringing a collateral attack, we think that a state prisoner must first attempt to obtain the transcript in the state courts. *See, e.g.*, *Wade v. Wilson*, 396 U.S. 282, 90 S.Ct. 501, 24 L.Ed.2d 470 (1970); *Hines v. Baker*, 422 F.2d 1002, 1007 at n. 11 (10th Cir. 1970); *Boles v. Kershner*, 320 F.2d 284 (4th Cir. 1963).

*Snyder v. State of Neb.*, 435 F.2d 679, 680 (8th Cir. 1970).

Petitioner's motion only contains a bare assertion that he has a "need" for the four volumes of the bill of exceptions. (Filing No. 16.) The bill of exceptions is nearly 900 pages in length, and Petitioner has made no attempt to identify what portions of the bill of exceptions, if any, are relevant to his cognizable claims. The grounds raised in Petitioner's habeas petition admittedly allege deprivations of his right to the effective assistance of counsel in the course of his criminal trial. However, Petitioner does not allege any deprivation of requested transcripts or even that he has no access whatsoever to the portions of the bill of exceptions related to his claims. Moreover, pursuant to the court's Progression Order (filing no. 4), Respondent has provided Petitioner with copies of the specific pages of the designated record that are cited in Respondent's Answer and Brief in Support of Answer. (*See* Filing No. 15 at CM/ECF p. 17.)

Therefore, given the bare and unsupported request for the lengthy bill of exceptions, the court finds that Petitioner has failed to demonstrate a sufficient need for the transcript at this time. The court will deny Petitioner's request for a copy of the bill of exceptions without prejudice to reassertion. If Petitioner wishes to renew his request for the bill of exceptions, he must sufficiently demonstrate his need for the bill of exceptions or for specific portions of the bill of exceptions, whether he presently has access to any portions of the bill of exceptions, and how the requested documents are relevant to his cognizable claims.

## II. MOTION FOR EXTENSION OF TIME

Petitioner also filed a motion (filing no. 17) seeking an additional 60 days in which to respond to Respondent's Brief in Support of Answer. Upon consideration, Petitioner's Motion for Extension of Time (filing no. 17) is granted. Petitioner shall have until February 8, 2019, to file his brief in response.

IT IS THEREFORE ORDERED that:

1. Petitioner's motion to expand the record and for additional state court records (filing no. 16) is denied without prejudice to reassertion.

2. Petitioner's Motion for Extension of Time (filing no. 17) is granted. Petitioner shall have until **February 8, 2019**, to file his brief in response to Respondent's Answer and Brief in Support of Answer.

3. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **February 8, 2019**: check for Petitioner's brief in response.

Dated this 10th day of December, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge